SALCINES, Judge.
Diane Klarides brought an action against Haydee V. Maher for negligent operation and control of a motor vehicle arising out of a rear-end collision. The trial court entered a final summary judgment in favor of Ms. Maher on the issue of liability. We reverse.
Ms. Klarides was traveling north on South MacDill Avenue as she approached the intersection of South MacDill and Bay-to-Bay Boulevard. At that intersection there was a three-lane division of South MacDill controlled by a traffic light. The signage at this intersection indicated that the left lane was designated as a left turn lane, the center lane was designated as a straight-through lane, and the right lane was a right turn only lane. As Ms. Klar-ides approached the intersection, she proceeded to the center lane behind Ms. Maher. The traffic light was red, and Ms. Maher’s vehicle was already stopped ahead of Ms. Klarides. The left turn indicator on Ms. Maher’s vehicle was blinking.
The traffic light changed to green and a green arrow was activated for the left turn lane. Ms. Maher moved some distance forward into the intersection of South MacDill and Bay -to-Bay and waited for the traffic in the designated left turn lane to clear the intersection so she could turn left. Ms. Klarides waited for Ms. Maher to make way so she could continue straight through the intersection. Ms. Klarides’ vehicle was then hit from behind by a third vehicle which propelled Ms. Klarides’ vehicle into Ms. Maher’s vehicle.
There is a presumption in Florida law that when a vehicle has been hit from the rear, the driver of the rear vehicle was negligent. If the driver of the rear vehicle can provide a “substantial and reasonable explanation” as to why he or she was not negligent, the presumption vanishes. Clampitt v. D.J. Spencer Sales, 786 So.2d 570, 573 (Fla.2001) (quoting Jefferies v. Amery Leasing, Inc., 698 So .2d 368, 370-71 (Fla. 5th DCA 1997)).
In the present case, Ms. Klarides provided the court with a substantial and reasonable explanation which negated the presumption of negligence on her part. Testimony was presented demonstrating that Ms. Maher was in the process of making an illegal left turn when Ms. Klar-ides’ vehicle was hit from behind and pushed into Ms. Maher’s vehicle. See § 316.151(l)(b), Fla. Stat. (1999).
On appeal, this court conducts a de novo review of a trial court’s determination that there were no genuine issues of material fact and its entry of a final summary judgment. Menendez v. The Palms W. Condo. Assoc., 736 So.2d 58, 60-61 (Fla. 1st DCA 1999). Because Ms. Klarides rebutted the presumption that she was negligent when her vehicle hit the rear of Ms. Maher’s vehicle, the question of negligence became a disputed issue of material fact and the trial court erred when it entered an order determining that Ms. Maher, as defendant, was entitled to a summary judgment as a matter of law. Accordingly, we reverse the trial court’s final summary judgment and remand this case for further proceedings.
Reversed and remanded.
KELLY and CANADY, JJ., Concur.